IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD G. DIERDORF, JR., | : | |
| Plaintiff, | : | Case No. 2:05-cv-388 |
| v. | : | JUDGE GRAHAM |
| HANCOCK COUNTY SHERIFF'S DEPARTMENT, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

## **ORDER**

This matter is before the Court on Defendant Hancock County Sheriff's Department's October 25, 2005 unopposed motion to change venue to the United States District Court for the Northern District of Ohio, Western Division (doc. 20).  Plaintiff Ronald G. Dierdorf, Jr. filed this civil rights action on April 18, 2005 in this Court.  Defendants argue that this action must be dismissed or transferred to the United States District Court for the Northern District of Ohio because the Southern District of Ohio is an improper forum as none of the defendants reside in the Southern District of Ohio, and all of the events alleged in the complaint occurred in the Northern District of Ohio.

Dierdorf's claims arise from events that occurred while he was incarcerated in the Hancock County Jail.  His complaint is brought pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his civil rights protected by the Eighth and Fourteenth Amendments. He names the Hancock County Sheriff's Department, the Hancock County Sheriff, the Hancock County Commissioners, and Does as Defendants.  He states that Defendants

intentionally told inmates about the nature of the crimes he committed to purposely create a dangerous environment, which led to him being physically assaulted. Compl. ¶ 2. He further alleges that Defendants failed to adequately supervise and protect him. As relief he seeks $15,000,000 in damages, an injunction barring Defendants from having any contact with him, and a court mandate creating a "Citizen Oversight Committee" to ensure that citizens will not be abused while incarcerated at the Hancock County Jail.

Venue is determined by 28 U.S.C. § 1391:

> **(b)** A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

When an action has been brought in an improper venue, courts have the authority to transfer to the appropriate venue:

> **(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406.

Defendant's motion to transfer states that Defendants reside in the Northern District of Ohio.[1] Further, all of the alleged events giving rise to Dierdorf's claims occurred in the Hancock County Jail, which is located in the Northern District of Ohio. As none of the defendants reside in the Southern District of Ohio and all of

---

[1] The summons and complaint were returned executed on the named Defendants on July 21, 2005 (doc. 13). The summons and complaint were returned unexecuted on "others not known to plaintiff" on July 8, 2005 (doc. 12).

the events giving rise to Dierdorf's claims occurred in the Northern District of Ohio, this action will be transferred to the United States District Court for Northern District of Ohio, Western Division.[2]

Accordingly, Defendant Hancock County Sheriff's Department's October 25, 2005 unopposed motion to change venue to the United States District Court for the Northern District of Ohio, Western Division (doc. 20) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Northern District of Ohio, Western Division.

It is so ORDERED.

                                                 s/James L. Graham
                                                 JAMES L. GRAHAM
                                                 United States District Judge

DATE: December 15, 2005

---

[2] While Defendants' motion states that it seeking dismissal or, in the alternative, for transfer to a proper venue, Defendant's memorandum in support only argues for transfer. Consequently, this Court is not considering dismissal.